IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL AYALA ALVAREZ, | No. CIV.S-06-0413 LKK DAD PS |
| Plaintiff, | |
| v. | ORDER |
| POLICE OFFICER MICHELL, BADGE 0533, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28

1

1 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any
2 time if it determines the allegation of poverty is untrue, or if the
3 action is frivolous or malicious, fails to state a claim on which
4 relief may be granted, or seeks monetary relief against an immune
5 defendant.

6     A claim is legally frivolous when it lacks an arguable
7 basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
8 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
9 1984). Under this standard, a court shall dismiss a claim as
10 frivolous where it is based on an indisputably meritless legal theory
11 or where the factual contentions are clearly baseless. See Neitzke,
12 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

13     A complaint, or portion thereof, should only be dismissed
14 for failure to state a claim upon which relief can be granted if it
15 appears beyond doubt that the plaintiff can prove no set of facts in
16 support of the claim or claims that would entitle him to relief.
17 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
18 Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
19 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
20 complaint under this standard, the court must accept as true the
21 allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp.
22 Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must
23 construe the pleading in the light most favorable to the plaintiff,
24 and resolve all doubts in the plaintiff's favor. See Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969).
26 /////

1           The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

           The complaint fails to meet these requirements. It consists of six handwritten pages which are difficult to decipher. The named defendants are five officers of the Sacramento Police Department. The complaint refers to an incident on September 10, 2001, during which one Roneld Moore allegedly assaulted plaintiff. However, no specific conduct is attributed to the named defendants. In this regard, the complaint simply asserts that plaintiff "was assaulted by Roneld Moore on my property because of a conspiracy with Sacramento Police Officer[s] to set me up with crimes that are [made] up and fabricated by law enforcement." (Compl. at 3.) The complaint goes on to allege that plaintiff was arrested and charge with a violation of California Penal Code § 245 (assault with a deadly weapon or force likely to produce great bodily injury), and "kept in jail for 17 months." In any event, the complaint lacks sufficient

/////

3

detail for the court to decipher the crux of this action.[1]  There also is no discernible prayer for relief.  For all of these reasons, the court finds that the complaint's vague allegations do not amount to a short and plain statement of a claim showing that plaintiff is entitled to relief or set forth any factual allegations giving rise to federal jurisdiction.  See Fed. R. Civ. P. 8(a)(1), (2).

While the complaint alleges no plausible basis for federal jurisdiction, the court recognizes that plaintiff may be attempting to bring an action under 42 U.S.C. § 1983 for the alleged violation of his civil rights.[2]  However, to the extent plaintiff is attempting to bring a § 1983 action the complaint does not allege how the conduct complained of has resulted in a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).  The Civil Rights Act provides as follows:

/////

---

[1] The caption of the complaint refers to state tort claims for false arrest, false imprisonment and intentional infliction of emotional distress.  Of course, these state law claims by themselves are insufficient to confer federal subject matter jurisdiction and, standing alone, would more appropriately be pursued in state court.

[2] The complaint is not at all clear in this regard.  In addition to the allegations regarding Mr. Moore and the police officers, the complaint contains confusing allegations that "plaintiff is a qualified individual with a disability."  (Compl. at 2.)  It also refers to the Federal Tort Claims Act ("FTCA"), which would appear to be inapplicable since the named defendants are City of Sacramento police officers.  The FTCA provides the sole remedy against the United States for torts committed by its employees in the scope of their employment.  See 28 U.S.C. § 2679(b)(1).

4

1
2
3
4
>                Every person who, under color of [state law] ...
>                subjects, or causes to be subjected, any citizen
>                of the United States ... to the deprivation of
>                any rights, privileges, or immunities secured by
>                the Constitution ... shall be liable to the party
>                injured in an action at law, suit in equity, or
>                other proper proceeding for redress.

5  42 U.S.C. § 1983. The statute requires that there be an actual
6  connection or link between the actions of the defendants and the
7  deprivation alleged to have been suffered by plaintiff. See <u>Monell</u>
8  <u>v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>,
9  423 U.S. 362 (1976). "A person 'subjects' another to the deprivation
10 of a constitutional right, within the meaning of § 1983, if he does
11 an affirmative act, participates in another's affirmative acts or
12 omits to perform an act which he is legally required to do that
13 causes the deprivation of which complaint is made." <u>Johnson v.</u>
14 <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15        Finally, to the extent plaintiff's complaint seeks
16 appellate review of any state court criminal proceedings in which
17 plaintiff may have been involved, plaintiff is advised that a federal
18 district court does not have jurisdiction to review errors in state
19 court decisions. <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460
20 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415
21 (1923).

22        Because of these deficiencies, plaintiff's complaint must
23 be dismissed. Nonetheless, the court will grant leave to file an
24 amended complaint. If plaintiff chooses to amend the complaint, he
25 must set forth the grounds upon which the court's jurisdiction
26 depends. Moreover, the amended complaint must include clear and

5

concise factual allegations describing the events which underlie plaintiff's claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the initial complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Any amended pleading which fails to provide the necessary factual description will likely be dismissed.

Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned

6

this case and must be labeled "Amended Complaint". Plaintiff must file an original and two copies of the amended complaint.

DATED: May 18, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\alvarez0413.ifp.lta