IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA ALVAREZ,                    No. CIV.S-06-0413 LKK DAD PS

          Plaintiff,

     v.                                  ORDER AND

POLICE OFFICER MICHELL,                   FINDINGS AND RECOMMENDATIONS
BADGE 0533, et al.,

          Defendants.

_____/

          Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  By prior order the court dismissed plaintiff's complaint with leave to amend.  Plaintiff has now filed an amended complaint.

          As the court previously advised plaintiff, the in forma pauperis statute authorizes the court to dismiss a case if the court determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  28

1

U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court shall dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  See Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's difficult to decipher amended complaint is subject to dismissal under these standards.  Liberally construed, plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983.  The named defendants, similar to the initial complaint, are four officers of the Sacramento Police Department.  The amended complaint again refers to an incident on September 10, 2001, during

2

which one Roneld Moore allegedly assaulted plaintiff.  Again,
however, no specific conduct is attributed to the named defendants.
In this regard, the amended complaint simply asserts that plaintiff
was arrested in connection with the assault as a result of "a
conspiracy to cover up prior fake arrest[s] and to stop me from
continuing prior civil complaints." (Am. Compl. at 4.)  The amended
complaint again alleges that plaintiff was arrested, charged and
convicted of violating California Penal Code § 245 (assault with a
deadly weapon or force likely to produce great bodily injury), and
spent a total of "approximately over 17 months" in the county jail.

     The amended complaint does not allege how the conduct
complained of has resulted in a deprivation of a right, privilege or
immunity secured by the Constitution or federal law by a person
acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120
(9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883
(9th Cir. 1991).  The Civil Rights Act provides as follows:

> Every person who, under color of [state law] ...
> subjects, or causes to be subjected, any citizen
> of the United States ... to the deprivation of
> any rights, privileges, or immunities secured by
> the Constitution ... shall be liable to the party
> injured in an action at law, suit in equity, or
> other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual
connection or link between the actions of the defendants and the
deprivation alleged to have been suffered by plaintiff.  See Monell
v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,
423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation
of a constitutional right, within the meaning of § 1983, if he does

an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  No such connection or link

between the actions of the defendants and the deprivation alleged to

have been suffered by plaintiff is alleged.

The amended complaint also refers to state tort claims for

false arrest, false imprisonment, intentional infliction of emotional

distress and malicious prosecution.  These state law claims by

themselves are insufficient to confer federal subject matter

jurisdiction and, standing alone, would more appropriately be pursued

in state court.

To the extent plaintiff's amended complaint seeks appellate

review of the state court criminal proceedings in which plaintiff was

involved, plaintiff again is advised that a federal district court

does not have jurisdiction to review errors in state court decisions.

Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476

(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

Additionally, the events alleged in the complaint allegedly

occurred in 2001, more than four years prior to the filing of the

complaint.  Therefore, any § 1983 cause of action likely would be

barred by the applicable one year statute of limitations.[1]  See Fink

---

[1] California's personal injury statute of limitations applicable
to § 1983 actions changed from one year to two years effective
January 1, 2003.  See Cal. Civ. Proc. Code § 335.1.  However, given
the date of the alleged incident, this change in the law is not an
issue in the instant case.

1  v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)(statute of limitations

2  for § 1983 claim is governed by period set forth in state tort law

3  for personal injury actions).

4      The undersigned noted nearly identical deficiencies in the

5  order dismissing plaintiff's original complaint.  At that time,

6  plaintiff was forewarned that a failure to file an amended complaint

7  complying with the court's directives would likely result in a

8  recommendation that the action be dismissed.  As noted above,

9  plaintiff's amended complaint is still deficient and the undersigned

10 finds that it fails to state a claim upon which relief can be

11 granted.  Moreover, in light of the repeated deficiencies cited

12 above, any further attempt to amend would be futile.  See Reddy v.

13 Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman

14 Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

15     Finally, one final matter must be addressed.  By "motion

16 for reconsideration" filed June 28, 2006, plaintiff requested that

17 the court reconsider its findings and recommendations filed on June

18 21, 2006, in which the court recommended dismissal without prejudice

19 due to plaintiff's failure to file an amended complaint.  However, by

20 order filed June 28, 2006, the court vacated those findings and

21 recommendations when it was discovered that plaintiff had filed his

22 amended complaint but that the Clerk of the Court had inadvertently

23 filed it in another case being pursued by plaintiff.  Therefore,

24 plaintiff's motion for reconsideration will de denied as moot.

25     Accordingly, it is HEREBY ORDERED that plaintiff's motion

26 for reconsideration is denied as moot.

1     IT IS HEREBY RECOMMENDED that plaintiff's amended complaint

2 be dismissed without further leave to amend.

3     These findings and recommendations are submitted to the

4 United States District Judge assigned to the case, pursuant to the

5 provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after

6 being served with these findings and recommendations, plaintiff may

7 file written objections with the court.  Such a document should be

8 captioned "Objections to Magistrate Judge's Findings and

9 Recommendations."  Plaintiff is advised that failure to file

10 objections within the specified time may waive the right to appeal

11 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

12 Cir. 1991).

13 DATED: October 18, 2006.

14

15                                   DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
16

17 DAD:th
   Ddadl\orders.prose\alvarez0413.ac.f&r
18

19

20

21

22

23

24

25

26